**Maurice BARR, Petitioner–Appellant,**

v.

**Joe P. YOUNG, Warden, Respondent–Appellee.**

**No. 02–5004.**

United States Court of Appeals, Sixth Circuit.

July 19, 2002.

Before MERRITT and DAUGHTREY,
Circuit Judges; WEBER, District Judge.*

---

* The Honorable Herman J. Weber, United
States District Judge for the Southern District
of Ohio, sitting by designation.

## ORDER

Maurice Barr, a federal prisoner confined in the Federal Correctional Institute in Memphis, Tennessee, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Barr pleaded guilty to possessing crack cocaine with the intent to distribute it in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841, and attempting to possess marijuana with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846. The United States District Court for the Northern District of Mississippi sentenced Barr to a mandatory term of life imprisonment without parole because of Barr's two prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A). The United States Court of Appeals for the Fifth Circuit affirmed Barr's conviction and sentence. *United States v. Barr,* 130 F.3d 711 (5th Cir.1997). Barr filed a motion under 28 U.S.C. § 2255, which was denied. He then filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Mississippi. The court held that venue was improper because Barr was confined in Memphis, Tennessee, and dismissed the petition without prejudice.

Barr filed his § 2241 petition in the United States District Court for the Western District of Tennessee in June 2001. He raised six claims: (1) the indictment was defective for failing to give the en-

hancement penalty; (2) the sentencing court erred by refusing to treat Barr's two prior state convictions for possession of a controlled substance with intent to distribute as a single act of criminality for purposes of §·841(b)(1)(A); (3) the indictment falsely advised the grand jury and Barr that crack cocaine is a Schedule II controlled substance; (4) the sentencing court erred when it failed to advise Barr that cocaine base legislation is contrary to the Bill of Attainder, Equal Protection, and Due Process Clauses of the Constitution; (5) Congress invaded the power of the Attorney General with respect to crack cocaine and Schedule II controlled substances; and (6) Barr received ineffective assistance of counsel. The district court dismissed the petition under 28 U.S.C. § 2243, holding that Barr had not demonstrated that his remedy under § 2255 was inadequate or ineffective.

In his timely appeal, Barr reasserts his district court claims.

■ This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Upon review, we affirm the district court's decision for the reasons stated by the district court. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, — U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles*, 180 F.3d at 755–56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or in-

effective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman*, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles*, 180 F.3d at 755–56.

■ Barr did not establish that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756. None of his claims involves an intervening change in the law that establishes his actual innocence. *See Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757. Barr's pleadings include references to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but that decision does not help him. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Although the Supreme Court announced a new rule of constitutional law in *Apprendi*, the rule has not been made retroactive to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001) (§ 2244). Moreover, Barr's sentence does not implicate *Apprendi* because his enhanced sentence resulted from prior convictions. *See Apprendi*, 530 U.S. at 490.

■ Barr did not prove that he was entitled to proceed under 28 U.S.C. § 2241. Accordingly, we affirm the district court's decision to dismiss the petition under 28 U.S.C. § 2243. Rule 34(j)(2)(C), Rules of the Sixth Circuit.