**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**James Robert RICE, Defendant–
Appellant.**

No. 91–5782.

United States Court of Appeals,
Eleventh Circuit.

Jan. 26, 1995.

Barbara A. Leitner, Law Offices of Miller & Shein, Atlanta, GA, for appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Marc Fagelson, Thomas A. O'Malley, Asst. U.S. Attys., Miami, FL, for appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and HOEVELER *, Senior District Judge.

BIRCH, Circuit Judge:

In this appeal, we address for the first time in our circuit whether in assessing propriety of sentence enhancement under 21 U.S.C. § 841(b)(1)(A), a sentencing court may consider the relationship between previous convictions to ascertain if they constitute a single criminal episode and thus should be counted only as one prior conviction. The district court determined that enhancement was appropriate because the previous convictions were sufficiently distinct in time to be counted separately toward the two prior convictions necessary to enhance an offender's sentence under section 841(b)(1)(A). We AFFIRM.

## I. BACKGROUND

In 1990, defendant-appellant James Robert Rice engaged in negotiations to purchase

---

* Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

twenty kilograms of cocaine from confidential federal informants and purchased seven kilograms of cocaine for $120,000 from undercover federal officers. Upon fleeing the scene, Rice's automobile collided with that of a federal agent. After a high speed chase, Rice was arrested.

Rice was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two); carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three); and use of a deadly weapon to impede official duties in violation of 18 U.S.C. § 111 (Count Four). On the day Rice's trial began, but before the jury was empaneled, the Assistant United States Attorney announced in open court that he was filing an information pursuant to sections 841(b)(1)(A)[1] and 851(a)[2] notifying the court he would seek an enhanced sentence of mandatory life imprisonment. The government provided defense counsel with two copies of the information.

The government listed three prior convictions in its information supporting its request for mandatory life under section 841(b)(1)(A). The first conviction listed by the government was a state drug felony conviction in Dade County, Florida. Specifically, on November 6, 1979, Rice pleaded guilty to conspiring between September 15, 1978, and November 13, 1978, to sell, deliver and possess with intent to sell or deliver over 100 pounds of marijuana, and methaqualone (quaaludes) in violation of Florida law. Rice was sentenced to a ten-year term. Subsequently, the Dade County court ordered that Rice be allowed to serve these sentences in North Carolina under an interstate compact agreement because

it was anticipated that Rice would be pleading guilty to similar charges there.

The second conviction enumerated by the government was a June 9, 1980, state felony drug conviction in North Carolina. Rice pleaded guilty in Mecklenburg County, North Carolina, to three counts of sale and delivery of cocaine, three counts of possession with intent to sell and deliver cocaine and of conspiracy to sell cocaine, in violation of North Carolina law. On at least two occasions, September 5, 1978, and September 7, 1978, Rice sold cocaine to the same undercover police officer. He was sentenced to two consecutive sentences of ten years imprisonment with five years suspended as to one of the sentences. These sentences were to run concurrently with the sentence imposed in Dade County, and the court ordered that he be incarcerated by the North Carolina Department of Corrections according to the terms of his plea agreement.

Rice's third conviction was for interstate transportation (use of commercial air facilities at Raleigh–Durham Airport in Raleigh, North Carolina) in aid of a racketeering enterprise which imported narcotics in violation of 18 U.S.C. § 1952. Rice pleaded guilty in the United States District Court for the Eastern District of North Carolina to this charge for smuggling marijuana, quaaludes and cocaine into the United States, specifically North Carolina, from the Caribbean Region between November 10 and November 14, 1978. On May 23, 1983, Rice was sentenced to a five-year term in prison. The district court permitted Rice to serve this sentence in the North Carolina prison system where he was already incarcerated.

After trial on the 1990 charges, the jury found Rice guilty on all four counts. Rice was sentenced to life imprisonment on Counts One and Two. Rice also received

---

1. Section 841(b)(1)(A) provides in pertinent part: "If any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release...."

§ 841(b)(1)(A).

2. Section 851(a)(1) states that

[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial*, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. § 851(a)(1) (emphasis added).

sentences of five years to run consecutively to the life sentence on Count Three and ten years to run concurrently with the life sentence on Count Four. In ordering Rice's sentence the district court found, *inter alia,* that the government complied with the filing mandate of section 851(a) and that the three prior convictions listed in the section 851(a) information were not related; therefore, the convictions could be counted separately to enhance his sentence pursuant to section 841(b)(1)(A).

Rice challenges his sentence to mandatory life imprisonment arguing (1) that the government failed to notify the court and the defense "before trial," as required by 21 U.S.C. § 851(a), that it intended to rely upon prior convictions for enhancement of sentence; (2) that the district court erred in concluding that the prior convictions were separate and distinct offenses for which enhancement was appropriate under section 841(b)(1)(A); (3) that the district court similarly erred in concluding that the prior convictions were separate and distinct offenses by which to find the appellant a "career offender" under U.S.S.G. §§ 4B1.1, 4A1.2 (Nov. 1990); and (4) that the district court erred in computing the amount of drugs to be used in determining his sentence under the Sentencing Guidelines.

## II. DISCUSSION

### A. *Timeliness of Section 851 Filing*

■ Rice argues that his sentence was improperly enhanced under 21 U.S.C. § 841 because the government did not file an information with the court or provide such information to Rice or his counsel notifying them of the government's intention to rely on prior convictions for sentence enhancement *prior to trial* as required by 21 U.S.C. § 851(a). Rice asks this court to determine that section 851(a)'s requirement for filing of the information "before trial" means prior to the first

day of trial, even though the jury has not been empaneled.

In *United States v. Weaver,* 905 F.2d 1466, 1481 (11th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991), we addressed directly this precise issue. In that case, the government personally served the defendant's counsel with the information on the first day of trial, before the jury was selected. We stated clearly that "[b]y personally serving [the defendant] and his counsel with a copy of the information prior to trial, and by advising the court orally that it was filing an information for purposes of sentence enhancement, the government complied with the mandatory requirements of section 851." *Id.* Rice attempts to distinguish *Weaver* by noting that Rice's counsel requested additional time to file objections or a response to the information, raising an objection not present in *Weaver.* Review of section 851, however, reveals that the statute does not require that the defendant's response be filed prior to trial, although the response must be filed prior to sentencing.[3] Therefore, the *Weaver* defendant's failure to object to the filing or to the contents of the information at the time of trial or by written response before sentencing is irrelevant to the court's determination of whether the government filed the information on time in the first instance. The government complied fully with the requirements of *Weaver;* we need not inquire into Rice's subsequent actions. Therefore, we find no error in the district court's conclusion that the government was timely in filing its information under section 851(a).

### B. *Sentencing Enhancement Under Section 841(b)(1)(A)*

Rice contends that the prior convictions used by the district court to enhance his sentence under section 841(b)(1)(A) were related and, therefore, constituted one conviction. Thus, he argues that the district court

---

**3.** The court must afford the defendant an opportunity to affirm or deny that he has been convicted previously. § 851(b). Section 851(c)(1) provides that a person who

denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, ... shall file a written re-

sponse to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment.

§ 851(c).

erred in sentencing him to mandatory life in prison. The government contends that Rice failed to object to the enhancement under section 841(b)(1)(A) before, during or after sentencing and consequently is procedurally barred from raising this claim on appeal absent manifest injustice. The government's contentions are not based on a complete review of the record. The record shows that Rice raised this objection by response to the information prior to sentencing,[4] in the objections to Rice's Presentence Investigation Report ("PSR"),[5] and at the two sentencing hearings.[6] These objections clearly preserved Rice's contention that section 841(b)(1)(A) enhancement on the grounds of relatedness of previous convictions was improper. Hence, we consider the merits of Rice's arguments on the section 841(b)(1)(A) enhancement.

Whether a court may consider the relationship of previous convictions to determine if they constitute a single criminal episode, which should be counted as one prior conviction for purposes of sentence enhancement under section 841(b)(1)(A), is a question of first impression in this circuit. While on its face, section 841(b)(1)(A) does not require that a court evaluate the relationship of prior convictions, we agree with our sister circuits that if the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A).[7] *United States v. Liquori*, 5

4. Motion to Strike Sentencing Enhancement and Request for Evidentiary Hearing and Incorporated Memorandum of Law, R2–82 ¶¶ 4–6. *See also* R13–106.

5. R2–80–2 ("The enhancement is the subject of a separate motion raising additional grounds that is being filed simultaneously with these objections. The Defendant would incorporate that motion as a further objection under Paragraph (A), Section 2 [of the PSR].")

6. The district court continued the first evidentiary hearing regarding § 851 notice and relatedness of prior convictions under § 841(b). R12–167–20. At several points during the second hearing the court considered Rice's relatedness arguments as to § 841(b)(1)(A) enhancement. R13–168–90, 99, 101–02, 105, and 106. At the second hearing, even the United States attorney acknowledged to the court that Rice had filed the written response including the objection to the enhancement as required by § 851(c). R13–168–106. After sentencing, Rice's counsel stated:

We adopt and reincorporate all the previous objections we made, that the sentence of enhancement is illegal because the court didn't have jurisdiction to impose it, and the guideline calculations are also illegal because his correct guidelines are not 360 to life, because he is not a career offender. The cases are related, and we readopt, and incorporate all the previous objections we made on the grounds that the life sentence is illegal. R13–168–111.

7. This is consistent with our interpretations of other sentencing enhancement statutes, particularly 18 U.S.C.App. § 1202(a) and its successor 18 U.S.C. § 924(e). Section 1202(a) and § 924(e) both provided for mandatory sentences for defendants with previous convictions. § 1202(a) did not indicate whether those convictions must have been temporally distinct to be counted separately. However, when challenged, the Solicitor General conceded that § 1202(a) was not meant to count multiple felony convictions arising out of a single criminal episode. *United States v. Petty*, 828 F.2d 2, 3 (8th Cir. 1987) (per curiam) (acknowledging the Solicitor General's concession) (*Petty II*). In *Petty I*, the defendant had been subject to an enhanced sentence based on convictions for six counts of armed robbery, even though the six victims were robbed at the same time and place. The Eighth Circuit initially held that these convictions could be separately counted for sentence enhancement under § 1202(a). *United States v. Petty*, 798 F.2d 1157 (8th Cir.1986) (per curiam), *vacated*, 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987) (*Petty I*). On remand from the Supreme Court, the Eighth Circuit held that these convictions were part of a single criminal episode, as conceded by the Solicitor General, and, therefore, could not be counted separately under § 1202(a) to enhance the defendant's sentence on the current charges. *Id.*

Albeit prior to the *Petty* decision, in *United States v. Greene*, 810 F.2d 999, 1000 (11th Cir. 1986) (per curiam), the defendant was sentenced to 15 years without parole pursuant to the enhanced punishment provisions of 18 U.S.C.App. § 1202(a)(1). This court held that, although the four burglary counts were joined in one indictment, they were for separate incidents at four separate locations on four different days within a single year; therefore, they constituted four separate convictions for enhancement purposes. *Greene* continues to stand for the proposition that convictions are not related if they are temporally distinct. *United States v. Howard*, 918 F.2d 1529, 1537–38 (11th Cir.1990) (maintaining that *Greene* "correctly interpreted the Act as it existed" prior to amendment and remained "consonant with the law after the 1988 amendment"). *Contra United States v. Balascsak*, 873 F.2d 673,

F.3d 435, 437 (9th Cir.1993) ("[P]rior convictions should only be considered for purposes of enhancement under section 841(b)(1)(A) if they constitute separate criminal episodes rather than a single act of criminality."), *cert. denied,* —— U.S. ——, 114 S.Ct. 738, 126 L.Ed.2d 701 (1994); *United States v. Pace,* 981 F.2d 1123, 1132 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993); *United States v. Hughes,* 924 F.2d 1354, 1361 (6th Cir.1991); *United States v. Blackwood,* 913 F.2d 139, 145 (4th Cir.1990). To hold otherwise would be overbroad and fail to promote the actual purpose of sentence enhancement under section 841(b)(1)(A)—to punish recidivism. If the three previous convictions arose out of a single uninterrupted act of criminality, the defendant would not be the "three-time loser" adjudged by Congress to be deserving of life imprisonment. *See Blackwood,* 913 F.2d at 147 ("Congress has mandated a progressive, incremental, 'stairstep' approach to punishment of repeat offenders."). Because the question of whether prior convictions were related or unrelated for purposes of section 841(b)(1)(A) involves a factual inquiry, we review the district court's decision for clear error. *Cf. United States v. Veteto,* 920 F.2d 823, 825, 826 (11th Cir.1991) (reviewing the district court's determination of whether prior convictions were related under U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2)) for clear error); *United States v. Query,* 928 F.2d 383, 385 (11th Cir.1991) (same).

### 1. Concurrent Sentences

Rice argues that although he was convicted and sentenced by three separate courts, one federal and two different state courts, he received concurrent sentences which he served in a single state institution. Therefore, he contended that his convictions should qualify as a single conviction for sentencing under section 841(b)(1)(A). He suggests that *United States v. Blackwood* presents a situation analogous to the one we now confront. While we agree with the analysis of *Blackwood,* we disagree that the facts of *Blackwood* are sufficiently analogous to the instant case to be persuasive.[8]

In *Blackwood,* the defendant was arrested when police officers found a large quantity of

---

678, 681 (3rd Cir.1989) (in banc) (holding that "[t]hree armed robberies—even months apart—would not be enough, unless there were convictions for two of them before the third took place").

Section 924(e), on the other hand, explicitly requires that a court sentence any person who violated § 922(g) of Title 18 and who "has three previous convictions ... for a violent felony or a serious drug offense, or both, *committed on occasions different from one another* ... shall be ... imprisoned not less than fifteen years...." 18 U.S.C. § 924(e). This court has held that a defendant who is convicted for three crimes, although all were disposed of in a single proceeding, was subject to § 924(e) enhancement because the crimes were temporally distinct and, therefore, not related. *United States v. Owens,* 15 F.3d 995 (11th Cir.1994); *accord United States v. Speer,* 30 F.3d 605, 613 (5th Cir.) (rejecting defendant's claim that prior convictions should be considered " 'one continuous course of criminal conduct' " because the various incidents underlying the convictions were "months, days and even years apart"), *cert. denied,* —— U.S. ——, 115 S.Ct. 603, 130 L.Ed.2d 514 (1994); *United States v. Brady,* 988 F.2d 664, 669 (6th Cir.) (en banc) ("[O]ffenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and ... convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)."), *cert. denied,* —— U.S. ——, 114 S.Ct. 166, 126 L.Ed.2d 126 (1993); *United States v. Tisdale,* 921 F.2d 1095 (10th Cir.1990) ("A plain reading of the statutory language of § 924(e)(1), 'occasions different from one another', supports the conclusion that Congress intended the three predicate offenses to be distinct in time."), *cert. denied,* —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); *United States v. Schoolcraft,* 879 F.2d 64 (3rd Cir.) (per curiam), *cert. denied,* 493 U.S. 995, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989) (declining to follow *Balascsak* and holding that each separate criminal episode may count as a conviction under § 924(e)(1) without the need for intervening convictions).

**8.** The Fourth Circuit was the first circuit to consider a challenge to § 841(b)(1)(A)'s enhancement provisions on the basis that the prior convictions were related. *See Blackwood,* 913 F.2d at 145 n. 5. While the district court sentenced the defendant to mandatory life in prison on the basis of his two prior state felony drug convictions, the Fourth Circuit vacated that portion of the district court sentence because those convictions, although arising out of separate indictments, were related and thus equivalent to one conviction under § 841(b)(1)(A). *Id.* at 145.

marijuana in the vehicle that the defendant was driving. Less than two hours after arresting him, officers secured a search warrant and searched a motel room where he stayed. There, officers found more marijuana. In a consolidated state trial, the defendant was convicted on two counts of possession, and was subsequently sentenced to two five-year terms running concurrently.

The Fourth Circuit reviewed 18 U.S.C.App. § 1202(a) and 18 U.S.C. § 924(e) and concluded that legislative history and government interpretation indicated that the "predicate convictions should have occurred on occasions 'distinct in time' " in order to be considered separate under section 841(b)(1)(A). *Blackwood*, 913 F.2d at 147. The Fourth Circuit approved the state court's view that the defendant's simultaneous possession of marijuana in the vehicle and in the motel room were "two components of a single act of criminality—'defendant's possession with intent to sell marijuana within a limited geographical area and period of time'." *Id.* at 145. The court found these offenses were not sufficiently "distinct in time" to be considered separate convictions warranting mandatory life imprisonment.

■ Contrary to Rice's suggestion, the Fourth Circuit did not purport to base its decision primarily on the state court's discretion in consolidating the charges for trial or sentencing the defendant to concurrent terms. Moreover, we decline to hold that the mere fact that separate courts choose to set sentences to run concurrently creates a presumption that the underlying convictions were associated for the purposes of section 841(b)(1)(A).[9] *See Liquori*, 5 F.3d at 438 (holding that concurrent sentences are not conclusive evidence of relation between prior convictions for purposes of section 841(b)(1)(A)); *cf. United States v. Castro–Perpia*, 932 F.2d 364, 366 (5th Cir.1991) (holding that "[c]onvictions are not 'related' because the sentences run concurrently" for computing a defendant's criminal history score under U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2)); *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir.) (upholding district

court conclusion that "cases were not 'consolidated for sentencing' [under U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2)) ] simply because the sentence imposed for one offense was made to run concurrently with the sentence imposed for the other offense"), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 ·(1990).

■ Rice also asks us to consider that he served his sentences in one institution. He apparently was allowed to serve his terms in the North Carolina prison system under an interstate compact agreement and under agreement by the federal government. We see no plausible connection between the judicial discretion and fiscal economy served by allowing a prisoner to serve sentences in his home state on the one hand and the possible relationship of offenses on the other that should preclude a later court's finding that Rice is the type of repeat offender sought to be punished by the statute. In this case, serving several sentences from various jurisdictions in one institution is indistinguishable from serving concurrent sentences and thus is treated accordingly. Therefore, we conclude that, although Rice was allowed to serve his sentences in one jail during the same term of years, his convictions were not "related" for the purpose.of applying section 841(b)(1)(A).

### 2. Common Scheme or Plan

■ Rice argues that his convictions arose from one investigation which was coordinated by federal officers; therefore, his convictions should be counted as one conviction as arising from a "common scheme or plan." Appellant's Brief at 22. We previously have held that the government does not subject a defendant to double jeopardy when it charges him or her with separate acts of distribution even if one act facilitated the next or the acts were part of the same overall transaction. *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir.1985). We were not dissuaded from that holding merely because the defendant may be subject to special drug offender penalties under 21 U.S.C. § 849 (repealed effective Nov. 1, 1987). *Id.*

---

9. We also note that Rice's counsel has conceded that concurrent sentencing does not, as a matter

of law, compel a finding that the cases were related. R13–168–99.

Similarly, a person who is involved in a conspiracy for which he may be punished remains ultimately responsible for the individual overt acts which are themselves criminal and punishable. *See United States v. Garcia*, 32 F.3d 1017, 1019 & n. 1 (7th Cir.1994) (noting that conspiracy to commit a crime is separate from the crime itself); *Pace*, 981 F.2d at 1132 (rejecting argument that overt acts accomplished in support of a conspiracy were not separate criminal episodes and recognizing that "[c]onspiracy is a crime separate from the substantive violation"); *Hughes*, 924 F.2d at 1361–62 (holding that a possession conviction was distinct from a conspiracy conviction because the conspiracy continued for nine months from the initial possession). Accordingly, we reject Rice's proposal to exclude from the purview of section 841(b)(1)(A) the multiple convictions arising from acts which were distinct in time even though they may have been part of a larger conspiracy unveiled by one coordinated investigation.

 The Ninth Circuit in *United States v. Maxey*, 989 F.2d 303, 305 (9th Cir.1993) (sentencing under section 924(e) for previous serious drug offenses) captured the essence of the problem in separating criminal drug cases. It wrote:

> An ongoing course of criminal conduct such as narcotics trafficking may involve many such criminal episodes, each a discrete occurrence. The fact that all are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a 'single' criminal episode, particularly where the episodes occur over time. To so hold would insulate the very career criminals the statute is designed to reach—those continuously engaged in criminal conduct.

*Id.* at 307 (citations omitted). Because the best marker of recidivism is repetition over time, we hold that convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A). We conclude that the separate criminal acts for which Rice was convicted, whether or not part of an over-arching conspiracy to smuggle and traffic in drugs in the United States, are not "related" convictions justifying lesser penalties under section 841(b)(1)(A) because they are separate in time and locale and were acts requiring separate planning and execution. Thus, the district court did not err in sentencing Rice to life in prison as mandated by 21 U.S.C. § 841(b)(1)(A).

## C. *Application of Sentencing Guidelines*

 Rice parallels his arguments under section 841(b)(1)(A) by contending that the convictions listed in his PSR were related under U.S.S.G. § 4A1.2[10]; therefore, he could not be considered a career offender under the standards of section 4B1.1.[11] While the factors for determining whether a person's criminal history qualifies him as a career offender differ from that used for statutory enhancement, where the minimum mandatory statutory sentence is higher than the guideline sentence, the mandatory statutory sentence controls. U.S.S.G. § 5G1.1(b); *United States v. Willis*, 956 F.2d 248, 249 (11th Cir.1992) (holding that the Sentencing Guidelines "accommodate [section 841(b)(1)(A)'s] mandatory provision" through U.S.S.G. § 5G1.1(b).) Therefore, with respect to Rice's sentencing we need not discuss whether the district court's characterization of Rice as a career offender under U.S.S.G. § 4A1.2 was improper because his mandatory sentence under section 841(b)(1)(A) remains life imprisonment.[12]

## III. CONCLUSION

Rice appeals his life sentence for drug-related felonies arguing that the district

---

10. Under the Sentencing Guidelines, "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3).

11. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has *at least two prior felony convictions* of a ... controlled substance offense." U.S.S.G. § 4B1.1 (emphasis added).

12. Because we have concluded that Rice's life sentences stand under the Sentencing Guidelines, we decline to discuss whether the court, in determining Rice's sentence, properly included the 20 kilograms of cocaine for which a purchase

court erred in finding that he had two prior felonies and thus was incorrect in applying the mandatory sentencing provision of 21 U.S.C. § 841(b)(1)(A). While a court may examine previous convictions to determine if they are related for purposes of constituting prior felony convictions under 21 U.S.C. § 841(b)(1)(A), unless clear error is demonstrated, the district court's decision will stand. The district court did not err in enhancing Rice's sentence or in applying the Sentencing Guidelines. Accordingly, we AFFIRM.

and sale between Rice and the government was negotiated but never consummated. Even if the court erred, Rice's sentence would be the same. *See* U.S.S.G. § 5G1.1(b). His sentence on Count Three of five years running consecutively to his sentences on Counts One, Two and Four also stands as required by statute, 18 U.S.C. § 924(c). In addition, any error by the court in finding Rice to be a career offender as to Count Four also is harmless because the statutory maximum sentence under 18 U.S.C. § 111 was less than the Guidelines' sentence would have been in any event. *See* U.S.S.G. § 5G1.1(a).