**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60108
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE BARR,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi

December 8, 1997

Before WIENER, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Maurice Barr appeals from his sentence of life imprisonment, imposed pursuant to 21 U.S.C. § 841(b)(1)(A), which provides that "any person [who] commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense . . . shall be sentenced to a mandatory term of life imprisonment without release." On appeal, Barr does not challenge his conviction on the underlying charges——namely, possession of cocaine base with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841 and attempt to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841, 846.[1] Instead, Barr

---

[1] Indeed, it appears from the record that Barr pled guilty to these offenses in exchange for the government dropping its case against his wife, Pearl Barr.

claims only that the district court erred in failing to treat two prior state convictions for possession of a controlled substance with intent to distribute as a "single act of criminality" for the purposes of § 841(b)(1)(A).  *See United States v. Blackwood*, 913 F.2d 139, 145 (4th Cir. 1990) (vacating sentence of life imprisonment under § 841(b)(1)(A) because although defendant had two prior convictions for possession of marijuana with intent to distribute, "these two convictions [were] no more than two components of a single act of criminality——'defendant's possession with intent to sell marijuana within a limited geographical area and period of time'") (internal quotation attributed to *State v. Blackwood*, 298 S.E.2d 196, 199 (N.C.App. 1982)); *United States v. Rice*, 43 F.3d 601, 605-606 (11th Cir. 1995)("While on its face, section 841(b)(1)(A) does not require that a court evaluate the relationship of prior convictions, we agree with our sister circuits that if the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A).") (citing similar holdings from the Fourth, Sixth, Ninth and Tenth Circuits).

The question of when, if ever, we should treat two separate convictions as a "single act of criminality" for the purposes of 28 U.S.C. § 841(b)(1)(A) is a matter of first impression in this court.  Nevertheless, we have addressed the similar question of when separate convictions constitute one offense for purposes of 18 U.S.C. § 924(e), known as the Armed Career Criminals Act.  Under this statute, we have adopted the reasoning of *United States v.*

*Hudspeth*, 42 F.3d 1015 (7th Cir. 1994), and determined that separate convictions constitute one offense when the violations occur simultaneously, as opposed to sequentially. *See United States v. Ressler*, 54 F.3d 257, 260 (5th Cir. 1995) ("Applying the Seventh Circuit's holding [in *Hudspeth*] to the instant case, Ressler's convictions were properly treated as separate offenses under § 924(e) because the offenses occurred sequentially.").

Adopting that same test in this context, we see that here Barr's state convictions resulted from two, separate criminal acts. On March 18, 1991, Barr sold a quantity of crack cocaine to Todd Dahlen. The following day, Barr and Dahlen conducted another transaction, again involving a quantity of cocaine. Barr has presented no evidence that these transactions were related, other than pointing to the fact that the identity of the buyer remained the same. Even so, however, the fact that identical parties were involved in the two sales cannot merge these acts into one, continuous offense. *See United States v. Washington*, 898 F.2d 439, 442 (5th Cir.), *cert. denied*, 498 U.S. 842 (1990) (treating two separate robberies of the same store clerk at the same store committed within several hours of each other as different "criminal episodes" because the defendant "committed the first [robbery], completed it, and escaped; then, after a few hours of no criminal activity, [the defendant] returned to commit the second crime.").

Accordingly, we AFFIRM Barr's sentence of life imprisonment.