[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10621

_____

D. C. Docket No. 06-00044-CR-4-RH/WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 9, 2008)**

Before BIRCH, CARNES and COX, Circuit Judges.

PER CURIAM:

Juan Carlos Richardson appeals the mandatory life sentence imposed upon

him due to a sentencing enhancement based on two prior felony drug offenses.

Richardson argues that two drug sales, which occurred within one hour and fifteen minutes of each other on a single afternoon but were prosecuted as separate offenses, ought not to have counted as two prior convictions for the purpose of 21 U.S.C. § 841(b)(1)(A).  We AFFIRM.[1]

## I. BACKGROUND

A federal grand jury indicted Richardson in August 2006, charging him with seven offenses including: (Count 1) conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and more than fifty (50) grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 841(b)(1)(A)(iii), and 846; (Counts 2-4) distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (Count 5) possession with intent to manufacture and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (Count 6) possession of a Smith &Wesson .38-caliber revolver in furtherance of the drug trafficking crime alleged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A); and

---

[1] In August 2007, the district court granted a motion filed by the government pursuant to Federal Rule of Criminal Procedure 35(b) and entered an order reducing Richardson's sentence to a total of 204 months.  Because this appeal was pending at the time, the district court lacked jurisdiction to consider the government's Rule 35 motion.  See United States v. Russell, 776 F.2d 955, 956 (11th Cir. 1985) (per curiam); see also United States v. Turchen, 187 F.3d 735, 743 (7th Cir. 1999); United States v. Batka, 916 F.2d 118, 120 (3d Cir. 1990).  Accordingly, the order reducing sentence is a nullity and of no legal effect.  Therefore, the original judgment and commitment order still presents an "active case or controversy" as to whether the district court erred in sentencing Richardson to a mandatory minimum sentence of life in prison.  See Soliman v. United States ex rel INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (quotation and citation omitted).

2

(Count 7) being a previously convicted felon in possession of that firearm and its ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). Subsequent to Richardson's initial appearance and arraignment, the government filed a notice of his prior convictions as required by 21 U.S.C. §§ 851, 841(b)(1)(B) and (b)(1)(C). The government's Information and Notice of Prior Convictions asserted that, for enhancement under 21 U.S.C. § 841(b)(1)(A), it would prove that Richardson had twice been convicted on 1 April 1999, in Gadsden County, Florida, "of the offense of Sale of Cocaine." R1-16 at 1. The government listed the case number for each conviction: Case Number 99-66-CFA for the first and Case Number 99-69-CFA for the second. Id.

In November 2006, Richardson pled guilty to all seven counts in the indictment pursuant to a plea agreement. This agreement set forth the potential sentences he faced as to each count, including a mandatory minimum term of life as to Count 1, and a maximum term of 30 years as to each of Counts 2-5 in the event the court determined that he had the requisite prior qualifying felony drug convictions under 21 U.S.C. §§ 841 and 851. The agreement did not state that the April 1999 convictions would in fact so qualify.

In preparing the Presentence Investigation Report ("PSR"), the probation officer assumed that the enhanced penalties under § 841(b)(1)(A) applied and

3

determined that the applicable Guidelines range for Count 1 was life imprisonment because the mandatory minimum sentence was greater than the maximum term under the Guidelines. Richardson notified the probation office of his intention to object to the enhanced penalties applied to his sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. The probation officer noted that if the district court determined that Richardson had only one prior conviction for purposes of the statute, his Guidelines range would be 262-327 months.

After pleading guilty, but before sentencing, Richardson asserted that his two previous convictions constituted "a single criminal episode" and should therefore be counted as only one prior conviction. R1-33 at 1. He stated that on 30 December 1998, law enforcement officers had purchased ten dollars worth of crack cocaine from him at his home. The same officers had then returned approximately one hour and fifteen minutes later and purchased another ten dollars worth of crack cocaine. The state filed a separate information for each of the two sales, and Richardson pled guilty to both. Richardson contended, however, that the prior convictions were a single criminal episode because, he asserted, the law enforcement officers left his home after making the first crack cocaine purchase to verify that the substance obtained was cocaine and, when they were convinced that it was, returned to Richardson's home one hour and fifteen minutes later to make

4

the second purchase. Consequently, Richardson concluded, the two convictions should be considered as one.

The government argued that the prior convictions constituted two separate offenses, noting that multiple sales, made close in time and to the same person, were common for crack cocaine dealers. The government added that, even if the two drug sales had been charged in the same information, they would still have counted as separate convictions. Finally, the government asserted that the purpose of the enhancement statute would be met if Richardson's two convictions were treated separately because it would punish him for continually engaging in the same criminal conduct.

At the sentencing hearing, Richardson again argued that the two prior drug offenses should be treated as a single episode and, therefore, not be counted separately at sentencing. He contended that, due to the temporal proximity of the two sales, it was "like law enforcement coming to the door, making a buy and standing right there and asking them for the second buy." R4 at 5. The district court, having reviewed the pleadings of the parties, and heard the arguments of counsel, determined that the two prior convictions counted as separate drug felony offenses under the meaning of § 841. The court explained that "the statute Congress adopted, at least as it has been interpreted by the Eleventh Circuit and,

5

for that matter, other circuits, is that it turns on whether these are separate crimes rather than a single episode, and my conclusion is that these were separate offenses, two completely separate sales." R4 at 13. Accordingly, the district court sentenced Richardson to the mandatory minimum sentence of life imprisonment on Count 1 and 262 months concurrent imprisonment on Counts 2-5 and 7, and to 60 months consecutive imprisonment on Count 6.

On appeal, Richardson argues that the government failed to prove that his two 1999 crack cocaine offense convictions constituted two discrete criminal convictions. Richardson notes that the two sales occurred only one hour and fourteen minutes apart and involved the same law enforcement officers, defendant, location, conduct, substance, quantity, arrest, and sentence. He considers the government's decision to prosecute each sale separately, resulting in two convictions, to be "sentence manipulation" and urges us to consider that "manipulation" in determining whether the government demonstrated that he is the kind of recidivist Congress intended to target with the mandatory life sentence. Appellant's Br. at 24.

## II. DISCUSSION

Title 21 U.S.C. § 841(b)(1)(A) provides that a defendant convicted under that section who has previously been convicted of two or more felony drug

6

offenses shall be sentenced to life imprisonment.  For a defendant to be subject to this enhanced sentence, the government must file, prior to the entry of a guilty plea or the commencement of trial, an information stating the prior convictions relied upon to support the enhancement.  21 U.S.C. § 851(a)(1).  If the defendant denies the validity of a prior conviction, or disputes any of the details of a prior conviction, he must file a written response challenging the same.  21 U.S.C. § 851(c)(1).  The government has the burden of proof beyond a reasonable doubt on any issue of fact raised by the defendant.  Id.; United States v. Sanchez, 138 F.3d 1410, 1416 (11th Cir. 1998).  Here, Richardson has not disputed the facts of the April 1999 convictions as recited by the government, and therefore, the only remaining issue is the extent to which those convictions are related for the purpose of 21 U.S.C. § 841.[2]

"Because the question of whether prior convictions [a]re related . . . for the purposes of [21 U.S.C. §] 841(b)(1)(A) involves a factual inquiry, we review the

---

[2]Richardson also argues that the government was required to prove "beyond a reasonable doubt" that the two prior convictions were unrelated.  He contends that while the government, under Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), is not required to prove the existence of prior convictions beyond a reasonable doubt, that holding does not extend to facts about prior convictions, such as their relatedness, and that the government must therefore prove relatedness beyond a reasonable doubt.  This argument is unavailing.  The facts of Richardson's prior convictions are not in dispute; both parties agree with respect to the essential underlying facts.  Rather, the dispute in this case centers on the legal question of whether, under § 841(b)(1)(A), as interpreted by our circuit, those facts render Richardson's prior convictions related.

district court's decision for clear error." United States v. Rice, 43 F.3d 601, 606 (11th Cir. 1995). The rule in our circuit is that "if the prior convictions result[] from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." Id. at 605. Acts that "are separate in time and locale and [are] acts requiring separate planning and execution" will not constitute "related convictions." Id. at 608 (quotation omitted).

In Rice, the district court had enhanced the defendant's sentence based on three prior convictions for drug-related conduct from the fall of 1978. Id. at 603-04. On appeal, the defendant argued, inter alia, that his convictions should have been counted as a single conviction because, although he had been convicted and sentenced by three separate courts for separate incidents that involved different conduct and occurred on different days in different states, "he [had] received concurrent sentences which he served in a single state institution." Id. at 606. We rejected this argument, reasoning that "[t]o hold otherwise would be overbroad and fail to promote the actual purpose of sentence enhancement under section 841(b)(1)(A)–to punish recidivism." Id. Nevertheless, drug distribution offenses do not constitute a common scheme or plan simply because they were part of a single conspiracy or the focus of a single investigation. See id. at 607-08.

"Because the best marker of recidivism is repetition over time, . . . convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A)."   Id. at 608; see also United States v. Griffin, 109 F.3d 706, 708 (11th Cir. 1997) (per curiam) (holding that a sentence was properly enhanced under § 841(b)(1)(A) where the two prior felony convictions relied upon by the district court occurred six days apart and were consolidated for sentencing).[3]

Here, the two offenses at issue were separate in time, even though only by just under ninety minutes.  Further, after Richardson and the buyer completed the first transaction – once cocaine and money had both exchanged hands – the buyer completely left the premises.  For the second transaction, after an hour and fourteen minutes had passed, the buyer returned and a whole new transaction took place.  This transaction involved the exchange of further drugs and further money, which would have required "separate planning and execution" from the first.  See Rice, 43 F.3d at 608.  Thus, the district court did not clearly err in concluding that

---

[3]Our interpretation of § 841(b)(1)(A) comports with those of our sister circuits.  See, e.g., United States v. Barr, 130 F.3d 711, 712 (5th Cir. 1997) (involving drug sales on consecutive days to the same buyer); United States v. Gray, 152 F.3d 816, 821 (8th Cir. 1998) (same).  This judicial construction of § 841 gains further "precedential force" from the fact that it has long been published and uniformly accepted throughout the country without any attempt by Congress to alter it.  See Watson v. United States, __ U.S. __, __, 128 S. Ct. 579, 585 (2007).

the two purchases gave rise to two distinct offenses for the purposes of §

841(b)(1)(A).[4]

## III. CONCLUSION

Richardson challenges the mandatory life sentence imposed upon him

pursuant to § 841(b)(1)(A).  Because the two prior drug convictions that served as

the basis for the enhancement were discrete criminal acts, we **AFFIRM** the

judgment of the district court.

---

[4]Our conclusion in this case is further supported by our caselaw regarding sentencing under 18 U.S.C. § 924(e).  Unlike 21 U.S.C. § 841(b)(1)(A), § 924(e), which also provides enhanced sentences for defendants with prior offenses, specifies that those prior offenses must have been "committed on occasions different from one another."  Even under that explicit limitation, we have found offenses taking place on the same day not to be part of a single criminal episode for the purpose of sentencing under § 924(e).  See, e.g., United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006) (per curiam) (defendant previously convicted of having first robbed two people in a parking lot and then, on the way to his car, only two minutes later, having robbed a third, was credited with two unrelated prior robbery offenses for the purposes of § 924(e)); see also United States v. Pope, 132 F.3d 684, 691 (11th Cir. 1998) (observing that §924(e) does not require that predicate offenses be separated "by some substantial amount of time").