[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 07, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15879
Non-Argument Calendar

_____

D. C. Docket No. 07-00017-CR-IPJ-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELO RONCELLI HACKMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 7, 2008)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Angelo Hackman appeals his 235-month sentence for possession of cocaine base ("crack") with intent to distribute. The district court did not clearly err by finding the two charges Hackman pled guilty to in 1999 were two prior drug felonies under 21 U.S.C. § 841(b)(1)(A). The district court did not plainly err by finding the sentencing disparity between cocaine and crack is constitutional. Accordingly, we AFFIRM.

## I. BACKGROUND

Angelo Hackman was indicted on one count of possession of more than 50 grams of crack with intent to distribute. The government filed an information of prior felony drug convictions, noting two Alabama convictions to which Hackman pled guilty in 1999. Hackman pled guilty to the single count of the indictment without a plea agreement.

Hackman was arrested in possession of 447.21 grams of crack after attempting to elude police. The probation officer determined a base offense level of 34 for the drug conviction. The offense level was increased two levels for obstruction of justice under U.S.S.G. § 3C1.2. The probation officer determined Hackman qualified for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. With a total offense level of 33 and a criminal history category of VI, the probation officer determined the guideline range was 235-293

months.  Based on the determination that Hackman had two or more prior drug felony convictions and therefore qualified for a statutory minimum penalty, the probation officer adjusted the sentencing range to life under U.S.S.G. § 5G1.1(b). The statutory maximum is life.  Hackman objected to the determination that he had two prior drug felony convictions because the state district attorney could have chosen to present the two charges in a single indictment.  The probation officer responded that Hackman's convictions were distinct because his first conviction was based on distributing cocaine on 6 January 1998 and his second conviction was based on distributing cocaine on 8 January 1998.

At the sentencing hearing, Hackman explained that the two charges were indicted separately, but the district attorney had moved to consolidate the charges for trial and sentencing.  R4 at 3-4.  The district court overruled the objection and determined that the convictions could not be counted as a single prior conviction. Id. at 6.  Next, the district court adjusted the base offense level down two levels based on the new guidelines for crack sentencing.  Id. at 6-8.  The government made a motion under U.S.S.G. § 5K1.1 and recommended a sentence of 35 years. Id. at 8-9.  The district court stated:

> The Court finds that the appropriate guideline level for consideration should be 31, which when combined with a criminal history category of VI creates an advisory guideline range of 188 months to 235 months . . . .

Id. at 13.  The district court sentenced Hackman to 235 months.[1]  Id.  The district

court explained:

> And this sentence is in accordance with the guidelines if he had not
> had – if [the prior convictions] had been calculated as one as opposed
> to two convictions. . . . I think this is the lowest I could possibly
> sentence you to with the sentence being deemed reasonable and not an
> abuse of discretion.

Id. at 14, 16.

## II.  DISCUSSION

On appeal, Hackman argues that the district court clearly erred by finding he

had two prior felony drug convictions.  Hackman contends that the facts

underlying the convictions show that they occurred two days apart, were the result

of a single investigation, and could have been included on a single indictment.

Further, Hackman indicates that the motion by the state district attorney to

consolidate the separate indictments shows that the two convictions should be

considered as a single prior offense.  Hackman argues that the statutory minimum

sentence should be interpreted in light of the guidelines computation of criminal

history, U.S.S.G. § 4A1.2, which does treat the two convictions as related.

Hackman concludes that the error is not harmless because the district court would

---

[1]Pursuant to a § 5K1.1 motion, the district court sentenced Hackman below the statutory minimum.

4

likely have sentenced him to less time if it had concluded that Hackman had only one prior felony drug conviction.

The interpretation of 21 U.S.C. § 841(b)(1)(A) is reviewed de novo. United States v. Williams, 469 F.3d 963, 965 (11th Cir. 2006) (per curiam). Whether specific previous convictions are related is reviewed for clear error. United States v. Rice, 43 F.3d 601, 606 (1995). If a defendant has two or more prior felony drug convictions, the statutory minimum for a drug conviction is life. 21 U.S.C. § 841(b)(1)(A). "[I]f the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." Rice, 43 F.3d at 605. Drug transactions that take place six days apart may give rise to distinct convictions under 21 U.S.C. § 841(b)(1)(A). United States v. Griffin, 109 F.3d 706, 708 (11th Cir. 1997) (per curiam); See United States v. Barr, 130 F.3d 711, 712 (5th Cir. 1997) (holding that drug sales on consecutive days to the same buyer may be treated as distinct convictions).[2]

The fact that prior convictions could have been consolidated for trial does not create a presumption that the convictions must be considered related. Rice, 43

---

[2]In an unpublished opinion, we held that convictions for sales to the same buyer approximately 90 minutes apart were distinct. United States v. Richardson, No. 07-10621, slip op. at 9 (11th Cir. April 9, 2008).

F.3d at 607. In interpreting 18 U.S.C. § 924(c), the Supreme Court has held that prior convictions should be measured by the individual convictions, not the single judgment of guilt on all the charges. Deal v. United States, 508 U.S. 129, 132, 113 S. Ct. 1993, 1996 (1993). Guideline provisions do not control the prior judicial interpretation of statutes. Neal v. United States, 516 U.S. 284, 295, 116 S. Ct. 763, 768-69 (1996). When a district court clearly indicates that it would impose the same sentence even if a particular ruling was erroneous, we need not remand for a new sentencing hearing. United States v. Keene, 470 F.3d 1347, 1348-49 (11th Cir. 2006).

Hackman's claim that the district court clearly erred in determining that the two prior felony drug convictions were unrelated is without merit. The criminal acts were committed on two different days, with no evidence that they were connected. The record before the district court supports a finding that the two convictions were unrelated. See Griffin, 109 F.3d at 708 (finding convictions six days apart may be treated as distinct convictions for sentencing under § 841); see also Barr, 130 F.3d at 712 (the 5th Circuit found drug sales on consecutive days to the same buyer may be treated as distinct convictions).

The possibility that the two charges could have been brought in the same charging document does not decide whether the convictions were related. Rice, 43

6

F.3d at 607; Deal, 508 U.S. at 132, 113 S. Ct. at 1996. Hackman's argument that the statutory provision should be interpreted in light of the guideline calculation of criminal history is foreclosed by Supreme Court precedent. Neal, 516 U.S. at 295, 116 S. Ct. at 768-69; See Rice, 43 F.3d at 608 (noting that relatedness of prior felonies under the statute is a distinct issue from the calculation of criminal history). Hackman presents no other legal authority on this issue, and therefore presents no legal ground to suggest any different result.

Moreover, the district court indicated that the guideline range Hackman would have received without the statutory minimum was appropriate on the facts of this case and that the sentence imposed took Hackman's request to have the two convictions treated as related into account. R4 at 13-14. Further, the district court determined that it had exhausted its discretion, implicitly communicating an unwillingness to impose a lower sentence. Id. at 16. Based on these statements by the district court, any error in the district court's rulings need not lead to reversal. Keene, 470 F.3d at 1349. The district court did not clearly err in holding the two prior drug felonies were unrelated because the two underlying criminal acts occurred on separate days and no evidence indicates that they were otherwise related. Therefore, the district court did not clearly err.

7

Hackman also argues that <u>Kimbrough v. United States</u>, 552 U.S. ___, 128 S. Ct 558 (2007), held that the justifications for sentencing disparity between cocaine and crack were not supported by fact or reason. Hackman contends that the disparity is unconstitutional, unjust, and not rationally based in law or fact.

When, as in this case, an issue is not raised before the district court, we review for plain error. <u>United States v. Heath</u>, 419 F.3d 1312, 1314 (11th Cir. 2005) (per curiam). Plain error exists if there was "(1) error, (2) that is plain, and (3) affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 1314 (quotations and citation omitted).

Here, there is no plain error because there is no error. The sentencing disparity between cocaine and crack does not violate equal protection. <u>United States v. King</u>, 972 F.2d 1259, 1260 (11th Cir. 1992) (per curiam). Hackman's reliance on <u>Kimbrough</u> is misplaced because its holding, that district courts are permitted to disagree with the policies underlying the guidelines, is unrelated to the constitutionality of the sentencing disparity. 552 U.S. at ___, 128 S. Ct. at 575. The district court did not plainly err. We reject Hackman's challenge to his sentence on this basis.

8

# III. CONCLUSION

Hackman challenges his sentence on two grounds: (1) the district court erred by treating two prior felony convictions as distinct under 21 U.S.C. § 841(b)(1)(A); and, (2) the sentencing disparity in the guidelines between crack and powder cocaine is unconstitutional. After careful review of the record and briefs in this case we conclude that the district court did not plainly err in its sentence of Hackman.

**AFFIRMED.**