[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11512
Non-Argument Calendar

_____

D. C. Docket No. 08-00116-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LAMONT MOSES,
a.k.a. Greg Moses,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 7, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory L. Moses appeals his 262-month sentence imposed for conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C) and 18 U.S.C. § 2. On appeal, Moses argues that the district court erred in enhancing his offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, and an additional two levels under U.S.S.G. § 3B1.1(c) for his role in the offense.

We review sentencing cases for harmless error when the sentence imposed would remain the same, regardless of the alleged error. See Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1992) (stating that harmless error is applied to sentencing cases, and remand is unnecessary if the party defending the sentence persuades the Court of Appeals that the district court would have imposed the same sentence absent the erroneous factor); United States v. Rice, 43 F.3d 601, 608 n.12 (11th Cir. 1995) (concluding that issue of career offender needed no resolution where defendant was properly sentenced to minimum mandatory sentence).

Upon review of the record and consideration of the parties' briefs, we affirm. In this case, any alleged error, with respect to the sentencing enhancements for Moses's possession of a dangerous weapon and his role in the offense, is

harmless because the enhancements did not affect the district court's selection of the sentence imposed. Williams, 503 U.S. at 203, 112 S.Ct. at 1121. While the probation officer calculated Moses's offense level under chapters two and three of the Sentencing Guidelines, and the district court heard Moses's objections with respect to the enhancements under those chapters, ultimately Moses was not sentenced pursuant to chapters two and three. Moses was rather sentenced as a career offender under chapter four with a statutory maximum life sentence. Under the guidelines in chapter 4, his total adjusted offense level is 34, regardless of what the level might be under chapters two and three. In short, Moses's sentence was not based on the enhancements which he challenges on appeal. Even if the district court erred in assessing the challenged enhancements, Moses's sentence would remain the same. Rice, 43 F.3d 601, 608 n.12.

In conclusion, any error in the district court's evaluation of firearm and aggravating role enhancements is harmless, given that Moses was sentenced as a career offender and the challenged enhancements did not affect the sentence imposed. For the foregoing reasons, we affirm Moses's sentence.

**AFFIRMED.**