## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-41261

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL DEWAYNE EDWARDS, also known as David Devon Wilson,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont Division
USDC No. 1:07-CR-203

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Darryl Dewayne Edwards appeals his convictions and sentence for drug trafficking and firearms charges. We affirm for the reasons below:

1. In appealing his convictions, Edwards seeks to reverse the district court's denial of his motion to suppress evidence from the search of his girlfriend's home. We review the district court's findings of facts for clear error, viewing the evidence in the light most favorable to the prevailing party, and its legal conclusions *de novo*. *United States v. Rico*, 51 F.3d 495, 500 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although a warrantless entry into a residence is presumptively unreasonable without consent, it is lawful if "probable cause and exigent circumstances justify the encroachment," *United States v. Jones*, 239 F.3d 716, 719 (5th Cir. 2001), as long as the officers did not create the exigency. *United States v. Hearn*, 563 F.3d 95, 106 (5th Cir. 2009). The "knock-and-talk" is a legitimate investigatory method, but officers cannot use the tactic knowing that to do so will manufacture an exigent circumstance that will necessitate a protective search of the area. *Jones*, 239 F.3d at 721. Exigency justifies a warrantless entry if there is a possibility that evidence will be removed or destroyed in the time it takes to procure a warrant. *Jones*, 239 F.3d at 720.

Here, although the officers knew before knocking on Edwards's girlfriend's door that the brother of a dangerous fugitive was in the house and thus that the fugitive could be in the vicinity, they were not aware of the presence of drugs in the house when they initiated the "knock-and-talk" encounter. They therefore could not have created the exigency caused by the unexpected combination of easily destructible contraband, of which they became aware after knocking but before entering the house, and the possible presence of a fugitive. That combination of circumstances gave the officers reason to believe that contraband may have been destroyed if they had waited outside until a warrant could be procured, so their entrance was justified by exigency and evidence from the search was properly admitted.

2. Edwards also contends that his confessions to law enforcement officers were involuntary and therefore should not have been admitted into evidence. We review the district court's factual findings for clear error, and the ultimate legal question of voluntariness *de novo*. *United States v. Scurlock*, 52 F.3d 531, 536 (5th Cir. 1995). Voluntariness is determined by considering the totality of the circumstances and asking whether the statement was the product of the accused's "free and rational choice." *United States v. Ornelas-Rodriguez*, 12 F.3d

1339, 1347 (5th Cir. 1994).

Edwards contends that the officers made an "implicit promise" that if he did not confess, his girlfriend would be arrested and their child put into state care. However, officers who were at the scene of the arrest testified that none of them threatened Edwards to induce his confession, nor did they mention the possibility of putting his child in state care. Edwards does not point to any evidence to support his claim that he was threatened in any way, nor does he point to any evidence contradicting the district court's conclusion that he had the mental capacity and experience with the system to understand the rights he was waiving when he confessed. Edwards's confessions were therefore properly admitted.

3. Edwards also argues that his convictions are based on insufficient evidence. On appeal, we view the evidence and all inferences drawn from it in the light most favorable to the verdict, accept all credibility choices that would support that verdict, and ask whether a rational jury could have found the essential elements of all of Edwards's offenses beyond a reasonable doubt. *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995).

First, Edwards argues that there was insufficient evidence that he had dominion and control over the drugs and firearm found in his girlfriend's home. His convictions for possession of a firearm as a felon, possession of a firearm in furtherance of a drug trafficking crime, and possession of crack cocaine with intent to distribute all require a finding that he exercised dominion and control over the contraband. The jury's conclusion that he possessed the contraband found in his girlfriend's home is supported by evidence showing that he stayed there often, that he opened the door to the officers, that he kept personal belongings in the closet where some of the contraband was found, that the only other adult resident of the house was surprised by the finding of the contraband and by the absence of any evidence tying the contraband to anyone besides

Edwards. The possession elements of his convictions are therefore supported by sufficient evidence.

Second, a rational jury could have concluded that Edwards attempted to manufacture crack cocaine based on detectives' testimony that they found most or all of the materials needed to manufacture crack cocaine, many of which were coated with cocaine residue, and a large piece of crack in distributable form. These items were found in the same circumstances as the other contraband, indicating that they were under Edwards's dominion and control and therefore that he had committed a substantial step towards manufacturing crack cocaine.

Third, a rational jury could have concluded that Edwards had the requisite intent to distribute crack cocaine. The quantity of crack he possessed, 2.23 grams, is not sufficient, without more, to prove an intent to distribute. *See United States v. Hunt*, 129 F.3d 739, 742 (5th Cir. 1997). Other evidence in the record, however, includes evidence of the presence of enough cocaine powder (in a compressed "wholesale" form) to make 122.82 grams of crack; the presence of paraphernalia indicative of the manufacture of crack cocaine; expert testimony that individuals who manufacture crack cocaine usually do not also personally consume it and are usually distributors; the presence of a gun near the cocaine; and the absence of smoking paraphernalia. In combination, these pieces of evidence adequately support the jury's conclusion that Edwards intended to distribute the crack cocaine he possessed.

Fourth, the record supports the jury's conclusion that Edwards possessed a firearm "in furtherance" of a drug trafficking crime. To determine whether a firearm is possessed in furtherance of a drug crime, we consider "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *United States v.*

*Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000). Possession of a gun to protect drugs against robbery can satisfy the required nexus between the firearm and the predicate drug offense. *Id.* at 415. Here, although the gun was not immediately accessible to Edwards when it was found, neither was it locked up so as to be inaccessible. Further, the firearm was loaded, stored within reach of the drugs that formed the basis of the drug trafficking offense, and could not be lawfully possessed by Edwards because of his status as a convicted felon. Most of the relevant factors are therefore in the government's favor, so the jury could have inferred that the gun was being used to protect the drugs Edwards intended to distribute.

The contraband and Edwards's confessions were correctly admitted by the district court and there was sufficient evidence before the jury for Edwards's convictions. His convictions are AFFIRMED.

4.     Edwards's challenges to his life sentence also fail. First, the government provided Edwards with proper notice of the sentence enhancement pursuant to § 851 notwithstanding the clerical error in the date listed for one of Edwards's prior offenses. An "error . . . negates the notice provided by the other listed data only if the discrepancy misled [the defendant] to his prejudice." *United States v. Steen*, 55 F.3d 1022, 1028 (5th Cir. 1995). There is no evidence in the record that Edwards lacked notice before trial that his sentence was subject to enhancement, nor that he was unaware of which offenses the notice of enhancement referenced, nor that he was otherwise misled by the error.

Second, the district court did not "double count" Edwards's two prior convictions when it applied the statutory sentence enhancement for prior convictions under 21 U.S.C. § 841(b)(1)(A). For the purposes of an enhancement under § 841(b)(1)(A), "separate convictions constitute one offense when the violations occur simultaneously, as opposed to sequentially." *United States v. Barr*, 130 F.3d 711, 712 (5th Cir. 1997). Although he was sentenced for both

offenses at the same time because the second offense violated his probation for the first, Edwards's two offenses occurred 14 months apart, and he served two months of probation for the first offense before committing the second.

Third, the district court did not err by applying the statutory sentence enhancement based on facts found by the judge instead of by a jury. At trial, the jury heard testimony from a fingerprint expert that Edwards's prints matched those on two prior convictions committed under the name "David Devon Wilson." In order to find Edwards guilty of being a felon in possession of a firearm, the jury was required to conclude, beyond a reasonable doubt, that Edwards had been convicted of a prior felony offense. In so finding, the jury must also have found that Edwards was the same person as David Devon Wilson, and therefore that Edwards committed *both* of the prior felonies as required for the sentencing enhancement under § 841(b)(1)(A). Thus, no facts were improperly found by the judge instead of the jury and the sentence was properly imposed.

Edwards's challenges to his sentence are without merit and consequently his sentence is AFFIRMED.

The convictions and sentence of Darryl Dewayne Edwards are, for the reasons stated, in all respects

AFFIRMED.