[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16594
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00160-GKS-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN GIL,
a.k.a. Julian Gil-Saez,
a.k.a. Julian Saez Gil,
JOSE MANUEL JORGE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 12, 2014)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Julian Gil appeals his conviction and Jose Jorge appeals his conviction and life sentence after they were found guilty of one count of conspiracy to possess and distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 846.  On appeal, Gil and Jorge (together "Defendants") each argue that a significant and substantial portion of the proceedings is missing from the trial transcripts and that the district court: erred by allowing a law enforcement officer to give opinion testimony as to the truthfulness of a statement by Jorge exonerating Gil; abused its discretion by admitting evidence of their prior criminal conduct; and erroneously denied their respective motions for a judgment of acquittal.  In addition, Jorge argues that the district court admitted testimony in violation of the Confrontation Clause, abused its discretion by denying his motion for a new trial, and gave him a sentence that was both procedurally and substantively unreasonable.  We address each argument in turn.

I.

Defendants observe that the trial transcript does not contain any questioning of potential jurors by counsel or any challenges to potential jurors.  Defendants assert that, because the number of jurors selected was less than the number of potential jurors called, some potential jurors must have been excused as a result of for-cause or peremptory challenges.  Defendants assert that a portion of the

transcript must be missing, so they are entitled to either a new trial or a remand for reconstruction of the record.

The Court Reporter Statute requires, inter alia, that a reporter record verbatim all proceedings in criminal cases held in open court and that the original notes or other original records of the proceedings be filed and preserved for not less than ten years.  28 U.S.C. § 753(b).  Because Defendants' counsel on appeal did not represent Defendants at trial, "a new trial is necessary if there is a substantial and significant omission from the trial transcript."  *United States v. Charles*, 313 F.3d 1278, 1283 (11th Cir. 2002).  "Nevertheless, 'a merely technically incomplete record, involving no substantial or significant omissions, will not be sufficient to work a reversal.'"  *United States v. Cashwell*, 950 F.2d 699, 703 (11th Cir. 1992) (quoting *United States v. Selva*, 559 F.2d 1303, 1306 n.5 (5th Cir.1977)).  Moreover, even "substantial and significant omissions from the verbatim transcript do not mandate a reversal if a suitable alternative method of reporting trial proceedings is provided or the record can be adequately reconstructed to accord effective appellate review."  *Id.* at 704.

We are not persuaded that there is any omission from the transcript in this case.  The district court's scheduling order indicates that it requested counsel to submit questions for potential jurors in writing.  The Government draws our attention to a published description of the judge's trial procedures, which states

3

that "[c]ounsel's filed written proposed jury venire questions will be given to the court for review.  The court *does not* allow counsel in criminal cases to personally voir dire the jury panel." *Trial Procedures for Judge Sharp*, https://www.flmd.uscourts.gov/Forms/JgSharp/JudgeSharp-TrialProcedures.pdf (last visited Aug. 12, 2014).  According to the trial transcript, the district court questioned potential jurors on the record, and each potential juror was asked to respond verbally to questions that he or she had been provided on a written questionnaire.  We conclude that counsel did not question the potential jurors, so there is no omission in that regard.

Defendants complain that the transcript also contains no record of either party challenging any of the potential jurors.  The Government asserts—without any citation to authority—that the judge in question accepts strikes only in writing, so that there were no verbal communications for the court reporter to record in connection with the parties' strikes.  Based on the transcript, we find the Government's explanation to be more likely than Defendants'.  According to the transcript, after the court questioned potential jurors, it told Defendants' counsel that they could "sit together to make any joint decisions that you wish in deciding the jury."  Jorge's attorney responded "Thank you, Your Honor."  According to the transcript, the court then explained to the jury the concept of peremptory challenges.  The next recorded statement is attributed to the deputy clerk, who

4

announced the names of the jurors, excused the other veniremen, and swore the jury in.  This portion of the transcript contains no facial irregularities, with the possible exception of the absence of any statements about how the jurors were selected after they had been questioned.  The most likely explanation is that the jury was selected without the parties making any verbal statements in open court.

Defendants argue that even if nothing is missing from the transcript, a new trial or remand for reconstruction of the record is required because the omission of any written record of how the jurors were selected is a "substantial and significant omission."[1]  Several factors are considered in determining whether omissions from the record are both substantial and significant, including: (1) the extent of the missing portions of the record as they relate to the remainder of the trial; and (2) the likelihood that an error which could be pursued on appeal occurred during those parts of the trial.  *See United States v. Preciado-Cordobas*, 981 F.2d 1206, 1213–14 (11th Cir. 1993).  After reviewing the parties' arguments, we conclude that any omission from the record is not "substantial and significant" because it is exceedingly unlikely that any such omission contains an error that could be pursued on appeal.

---

[1]    Although the "substantial and significant omission" test has its roots in our case law regarding violations of the Court Reporter Statute, *see Cashwell*, 950 F.2d at 703–04, both those cases "and the situation presented here raise the same concern—*i.e.*, the likelihood that reversible error occurred, but cannot be discerned due to gaps in the record on appeal." *United States v. Weissner*, 417 F.3d 336, 342 n.2 (2d Cir. 2005).

Defendants assert that a reconstructed or supplemented record might reveal purposeful discrimination in the jury-selection process in violation of Defendants' right to equal protection. *See Batson v. Kentucky*, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986). We are not persuaded that Defendants preserved this objection—or any other objection—to any of the jurors. *See Cashwell*, 950 F.2d at 704 ("The failure to make a timely *Batson* objection results in a waiver of the claim."); *United States v. Allen*, 588 F.2d 1100, 1106 n.12 (5th Cir. 1979) ("Questions concerning the competency of a jury ordinarily are not entertained once the jury has entered its verdict.").[2] Defendants have not drawn our attention to any indication that an objection was made, such as a reference to the objection in another portion of the record. Defendants have not submitted an affidavit from their trial counsel indicating that counsel made such an objection, nor have Defendants asserted that their trial counsel is unavailable. It consequently seems unlikely that there was any error in this regard, and exceedingly unlikely that there was any error that could be pursued on appeal. Defendants' situation is similar to Cashwell's:

> Since a *Batson* claim is inextricably tied to a defense counsel's "timely objection," Cashwell is in in no worse a position with respect to a potential *Batson* claim than any appellant is in a case where trial counsel fails to make a timely *Batson* objection. Thus, any

---

[2]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

inadequacy in this case with respect to a potential *Batson* claim is the direct result of defense counsel's failure to object and not the result of the nonrecordation of the *voir dire* proceedings.

950 F.2d at 704.  For these reasons, we decline to either order a new trial or remand for reconstruction of the record.

## II.

Defendants maintain that the district court plainly erred by allowing a law enforcement agent to testify that, based on his experience, he did not believe a post-arrest statement that Jorge made exonerating Gil.  Defendants argue that the law enforcement agent's testimony was improper opinion testimony.

We ordinarily review a district court's evidentiary rulings for abuse of discretion and will reverse only if the resulting error affected the defendant's substantial rights.  *United States v. Tinoco*, 304 F.3d 1088, 1119 (11th Cir. 2002).  Defendants' counsel, however, did not object to the testimony in question.  Where a defendant fails to preserve an evidentiary ruling through contemporaneous objection, we review only for plain error.  *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).  To prevail under plain error review, a challenging party mush show "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010).  There can be no plain error when there is no statute, rule, or binding precedent

7

directly resolving the issue.  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (*per curiam*).

Defendants argue that it was improper for an expert[3] to testify as to another witness's credibility because this testimony invaded the province of the jury.  *See, e.g.*, *United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996) (*per curiam*) ("Expert medical testimony concerning the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations.").  Defendants' argument is undercut by the fact that Jorge did not testify and thus was not a witness whose credibility was to be determined by the jury.  Rule 608 of the Federal Rules of Evidence is consequently inapplicable.  Rule 702, moreover, does not clearly speak to whether an expert can testify as to the truthfulness of a non-testifying defendant's out of court statements, and neither Defendants nor our own research has uncovered any binding decision of this Court or the Supreme Court that resolves this issue.  Accordingly, we hold that the district court did not plainly err by admitting the testimony.

### III.

Defendants argue that the district court abused its discretion by admitting evidence concerning their prior federal drug convictions.  Gil asserts that the trial court applied the wrong legal standard in admitting evidence of the conduct

---

3       The law enforcement agent in question had been qualified as an expert.

underlying his 1996 drug conviction because the court stated that the temporal remoteness of the conduct was "irrelevant."  Jorge maintains that his 2001 conviction served only to cast a shadow over his character, and that the district court failed to conduct a Rule 403 balancing analysis on the record.  *See* Fed. R. Evid. 403.

Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show action in conformity therewith. Fed. R. Evid. 404(b)(1).  Such evidence is admissible for other purposes, however, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.  *Id*. 404(b)(2).  We have said that Rule 404(b) is a rule of "inclusion" that allows evidence of other acts unless the evidence "tends to prove only criminal propensity."  *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989).

For evidence of other crimes or acts to be admissible under Rule 404(b): (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.  *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).  In assessing the probative value of the evidence, we evaluate the

9

government's incremental need for the evidence to prove guilt beyond a reasonable doubt, the similarity of the extrinsic act and the charged offense, and the closeness or remoteness in time of the charged offense to the extrinsic evidence. *United States v. Ellisor*, 522 F.3d 1255, 1268 (11th Cir. 2008).

We have declined to adopt a bright-line rule regarding temporal proximity between the extrinsic act and the charged offense. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (*per curiam*). We have held that an intervening period of 15 years did not render extrinsic evidence of small-scale marijuana convictions inadmissible despite the convictions' "differing nature and remoteness in time" from the defendant's charged participation in a large-scale cocaine deal. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995).

We have also said that "evidence of prior drug dealings . . . is highly probative of intent in later charges of conspiracy and distribution of a controlled substance."[4] *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993). In *Diaz-Lizaraza*, we indicated that Rule 404(b) evidence is especially probative when the government lacks credible witnesses to testify as to a defendant's intent to distribute and when the defense relies on mere presence or "non-participation." *Diaz-Lizaraza*, 981 F.2d at 1225.

---

[4]    We have said that in every conspiracy case, a not guilty plea renders the defendant's intent a material issue, and extrinsic evidence that may be probative of the defendant's state of mind is admissible unless the defendant affirmatively takes the issue of intent out of the case. *Matthews*, 431 F.3d at 1311.

Gil objected to the introduction of his prior criminal conduct in a pretrial

motion *in limine* but did not timely renew the objection on Rule 404(b) grounds

when the evidence was presented at trial.  Plain error review is therefore

appropriate.  *See United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011)

(*per curiam*).  Gil's claim does not warrant relief under plain error review.  First, it

is not at all "plain" that the trial court's use of the word "irrelevant" to describe the

year of Gil's 1996 conviction indicates that the court did not take into account the

temporal proximity or remoteness of the underlying conduct.  Based on the

transcript, it is entirely plausible that the court instead meant that temporal

remoteness was only one factor to consider.[5]  Second, and in any event, Gil has not

shown that any error affected his substantial rights.  On appeal, Gil makes

arguments under only the third prong of the Rule 404(b) admissibility test—*i.e.*,

Gil argues only that the probative value of the evidence was substantially

outweighed by undue prejudice.  While the conduct underlying Gil's 1996

conviction was more than 17 years old, we do not have a bright-line rule as to

when a conviction is too remote to be admissible under Rule 404(b), *Matthews*,

431 F.3d at 1311–12, and we have held that a 15-year-old conviction was

admissible, *Lampley*, 68 F.3d at 1300.  Furthermore, Gil was charged with

---

[5]    According to the transcript, the court stated that, "with regard to the 404(b) evidence, . . . the time is irrelevant to this Court just because it's a 1996 conviction.  It is not—does not have anything to do with the characteristic, but it's just one 404(b).  It's evidence of other acts to prove motive."

11

conspiracy involving a controlled substance, a charge where evidence of prior drug dealings is highly probative of intent. *Diaz-Lizaraza*, 981 F.2d at 1224. Finally, Gil's defense was that he was merely present at the transaction as a driver, so the evidence was especially probative in his case. *See id.* at 1225. Gil has not demonstrated that the evidence was plainly inadmissible.

As to Jorge, his judgment of conviction was offered as Rule 404(b) evidence to prove intent, not as impeachment evidence under Rule 609(a). Consequently, the district court was not required to conduct its Rule 403 balancing analysis on the record. *Compare United States v. Dorsey*, 819 F.2d 1055, 1060–61 (11th Cir. 1987) (Rule 404(b) evidence offered to prove intent), *with United States v. Preston*, 608 F.2d 626, 639 (5th Cir. 1979) (impeachment evidence offered under Rule 609(a)). *See also United States v. Braithwaite*, 709 F.2d 1450, 1456 (11th Cir. 1983) (noting that *Preston* was "by its terms limited to evidence of prior convictions admitted under Fed.R.Evid. 609(a)" for the purpose of attacking witness credibility). Furthermore, the district court did not abuse its discretion in admitting the evidence. With respect to the first prong of the test for admissibility, Jorge pleaded not guilty to a conspiracy charge and did not expressly take his intent out of issue, so his prior drug conviction was relevant to something other than his character—namely, his intent to join in a drug conspiracy. *See Matthews,* 431 F.3d at 1311; *Diaz-Lizaraza*, 981 F.2d at 1224. Jorge does not make any

12

arguments under the second prong of the test.  With respect to the third prong of the test, Jorge was charged with a conspiracy involving a controlled substance, where evidence of prior drug dealings is highly probative of intent.  *See Diaz-Lizaraza*, 981 F.2d at 1224.  For these reasons, we find no abuse of discretion in the admission of the evidence.

As to both defendants, and considering that a limiting instruction was given, the convictions' probative values were not substantially outweighed by the danger of unfair prejudice, especially in light of Rule 404(b)'s status as a rule of "inclusion."  *Cohen*, 888 F.2d at 776.

## IV.

Jorge argues that the district court erroneously allowed a government agent to testify about what a confidential informant told him about Jorge's role in the drug trafficking scheme.  Jorge argues that this testimony violated his right to confront witnesses against him.  At trial Jorge objected to the testimony only on hearsay grounds, and not on Confrontation Clause grounds.  A hearsay objection is insufficient to preserve a Confrontation Clause challenge for appeal.  *United States v. Chau*, 426 F.3d 1318, 1321–22 (11th Cir. 2005) (*per curiam*).  We consequently review for plain error.  *See id.*

The Sixth Amendment's Confrontation Clause states that a criminal defendant has the right to "be confronted with the witnesses against him."  U.S.

13

Const. amend. VI.  The Confrontation Clause protects a defendant's right to confront those individuals who make "testimonial" statements against him. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309–10, 129 S. Ct. 2527, 2531 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004)). Jorge's argument fails because the confidential informant in question later testified at trial and provided the same testimony that the government agent had relayed. Jorge cross-examined the confidential informant and does not argue that his opportunity to do so—or to otherwise challenge the testifying informant—was constitutionally inadequate.  Therefore, the government agent's testimony did not violate Jorge's substantial rights.  There was, consequently, no plain error.  *See Patterson*, 595 F.3d at 1326 (explaining that there is no plain error where there is no effect on substantial rights).

## V.

Defendants argue that the district court erred in denying their respective motions for a judgment of acquittal because the government failed to prove a conspiracy beyond a reasonable doubt.  We review the denial of a motion for judgment of acquittal based on the sufficiency of the evidence *de novo*, drawing all inferences and credibility determinations in the government's favor.  *United States v. Robertson*, 736 F.3d 1317, 1324 (11th Cir. 2013).  The evidence need not "exclude every reasonable hypothesis of innocence" as long as a reasonable trier of

14

fact could find that the evidence establishes guilt beyond a reasonable doubt.

*United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).

> A conviction for conspiracy to distribute drugs in violation of 21 U.S.C. § 846 requires evidence that persuades the trier of fact beyond a reasonable doubt, that (1) a conspiracy (or agreement) existed between Defendants or between Defendants and others; (2) Defendants knew the essential objects of the conspiracy, which are to do either an unlawful act or a lawful act by unlawful means; and (3) Defendants knowingly and voluntarily participated in the conspiracy.

*United States v. Westry*, 524 F.3d 1198, 1212 (11th Cir. 2008).

Sufficient evidence was presented at trial so that a reasonable jury could have determined beyond a reasonable doubt that Gil conspired with Jorge to possess and distribute heroin. For example, there was evidence tending to establish that Gil alerted Jorge to a police presence during a failed attempt to receive what Jorge believed to be heroin. A law enforcement agent also testified that Gil performed what appeared to be counter-surveillance while Jorge met with a confidential informant and received what Jorge believed to be heroin.[6] There was also evidence from which the jury could find that Gil could hear Jorge's telephone conversation with the informant and thus knew about the ongoing drug deal. The jury could also find that Gil was the "Cuban guy" from Miami who was to get part of the heroin that Jorge was obtaining. In addition, after Gil's arrest law enforcement agents recovered three cell phones from his car, and an expert

---

[6]    Gil had performed similar counter-surveillance measures in the past as part of conduct for which he previously had received a drug conviction.

15

testified that drug dealers often use multiple phones in order to avoid detection. A law enforcement agent also testified that he asked Gil post-arrest why he did not abandon Jorge after he heard him engaging in conversations that made it obvious that a drug deal was going to happen, and Gil responded, "Well, maybe I should have done that, but I'm here right now," indicating that Gil was aware of the situation.[7] We conclude that the district court did not err in denying the motions for a judgment of acquittal.

## VI.

Jorge argues that the district court abused its discretion by denying his motion for a new trial because evidence was presented that went sufficiently heavily against the verdict to warrant a new trial and because cumulative error by the trial court had a substantial effect on the verdict.[8]

We review the district court's disposition of a motion for new trial for an abuse of discretion. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). However, when an objection is raised for the first time on appeal, we review the district court's determination for plain error. *See United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009). In Jorge's motion for a new trial, he

---

[7]    Having rejected the argument that Gil was merely present (and not involved in the conspiracy), Jorge's only argument for acquittal—no one for Jorge to conspire with—fails.

[8]    The cumulative error doctrine provides that an aggregation of non-reversible errors can result in the denial of the constitutional right to a fair trial. *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005).

16

argued that he was due a new trial because the trial court erroneously admitted hearsay testimony and Rule 404(b) evidence. He did not assert that he was entitled to a new trial based on the weight of the evidence or cumulative error. Therefore, we will review the denial of his motion for a new trial only for plain error. *See id.*

A court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really exceptional cases." *Martinez*, 763 F.2d at 1313 (internal quotation marks omitted). We may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1312–13 (citation omitted).

For the same reasons that the district court did not err in denying Jorge's motion for a judgment of acquittal, and because there was strong evidence of Jorge's guilt, the evidence did not preponderate against the verdict so that it would be a "miscarriage of justice to let the verdict stand." *Martinez*, 763 F.2d at 1312–13. As to Jorge's cumulative error argument, which is based on the court's evidentiary rulings that we have already addressed, his individual assertions of error are each without merit, and therefore his cumulative error argument is also

without merit.  Therefore, the district court did not err, plainly or otherwise, in denying Jorge's motion for a new trial.

## VII.

Finally, Jorge argues that the district court committed procedural error in calculating his sentencing guideline range because his 2001 federal drug conviction and 2002 Florida state drug conviction involved the same conspiracy, supply, and informant and thus should have been considered one conviction for the purposes of calculating his criminal history score and determining the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).  Jorge also maintains that he received a substantively unreasonable sentence because his life sentence, although mandatory, created an unwarranted sentencing disparity between him and Gil that violated the spirit of the Sentencing Guidelines and 18 U.S.C. § 3553(a).

Appellate courts review all sentences under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The reasonableness of a sentence is generally reviewed through a two-step process.  *Id*. at 51, 128 S. Ct. at 597.  The first step is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id*.  The

second step is to review for "substantive reasonableness." *Id.* Substantive reasonableness review seeks to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2) and must consider the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(2), (a)(6). We will vacate a sentence imposed by a district court only when left with a "definite and firm conviction that the district court committed a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

We conclude that there was no "significant procedural error." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. When computing criminal history under the Sentencing Guidelines, prior sentences "always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences are counted separately unless the sentences resulted from offenses contained in the same charging instrument or the sentences were imposed on the same day. *Id.* Jorge's 2001 federal drug conviction and 2002 Florida state drug conviction were not contained in the same charging instrument, nor were the sentences imposed on

19

the same day.  Therefore, they were appropriately considered separate offenses for purposes of computing Jorge's criminal history.

In addition, the district court did not clearly err in concluding that Jorge's convictions were separate for the purposes of an enhancement under 21 U.S.C. § 841(b)(1)(A).  Because the question of whether prior convictions were related or unrelated for purposes of § 841(b)(1)(A) involves a factual inquiry, we review the district court's decision for clear error.  *United States v. Rice*, 43 F.3d 601, 606 (11th Cir. 1995).  "[I]f the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)."  *Id.* at 605.  In *Rice*, we held that the separate criminal acts for which the defendant had been convicted were separate convictions—whether or not they were part of a greater overarching conspiracy— because they were separate in time and locale and required separate planning and execution.  *Id*. at 608.  We added that "convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses." *Id*.  In this case, Jorge's 2001 federal conviction involved a cocaine conspiracy that spanned from November 2000 to March 2001, while his 2002 state conviction involved a marijuana transaction in October 2000—before the cocaine conspiracy that led to his federal conviction.  Because these two convictions were separated in time and involved different drugs, the district court did not clearly err in

20

concluding that they were separate for purposes of an enhancement under § 841(b)(1)(A).  *See Rice*, 43 F.3d at 608.

We also conclude that Jorge's sentence was not substantively unreasonable. Section 3553(a) does not give the district court the authority to impose a sentence below the statutory mandatory minimum sentence based on consideration of the factors listed in that provision.  *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008) (*per curiam*).  Because Jorge received a statutorily-mandated life sentence, our precedent forecloses his argument that his sentence was substantively unreasonable because it created an unwarranted sentencing disparity. *See Castaing-Sosa*, 530 F.3d at 1361.

## VIII.

After careful review of the parties' briefs and the record on appeal, we affirm Gil's conviction and Jorge's conviction and sentence.

**AFFIRMED.**