[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14365
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00005-MW-EMT-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY ANTHONY COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 17, 2017)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Troy Coleman appeals the district court's reduction, pursuant to 18 U.S.C. § 3582(c)(2), of his sentences: a reduction based on Amendment 782 to the Sentencing Guidelines.  He argues that the district court plainly erred by failing to provide him with a copy of the United States probation office's 19 June 2015 letter.  Coleman also argues that the district court abused its discretion by reducing his sentences by just 56 months and not more.

I.

When a party raises an argument for the first time on appeal, we review for plain error.  *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011).  Under plain error review, we will reverse where there is (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* Under the third element of the plain-error analysis, the defendant rather than the government bears the burden of persuasion on prejudice.  *Id.* at 1177.  "[T]o meet that burden, a defendant must show that the claimed error affected his substantial

2

rights, which almost always requires that the error must have affected the outcome of the district court proceedings." *Id.* (quotations omitted).

The district court did not plainly err by failing to provide Coleman with a copy of the United States probation office's letter because any error was harmless: Coleman did not show how having the letter would have impacted on the outcome of the decision or his substantial rights.

## II.

We review for abuse of discretion a district court's decision to grant or to deny a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Hamilton*, 715 F.3d 328, 337 n.8 (11th Cir. 2013).  "The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination." *United States v. Jules*, 595 F.3d 1239, 1242 (11th Cir. 2010) (quotation and alteration omitted).

Section 3582(c)(2) authorizes a district court to reduce the prison term of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was later lowered by the Sentencing Commission. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  In considering a section 3582(c)(2) motion, a district court must engage in a two-part analysis. *Id*.  First,

the district court "must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id*. "In undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." *Id*.

If the defendant is eligible for a reduced sentencing-guideline range, the district court next decides "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Bravo*, 203 F.3d at 781. The district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); 18 U.S.C. § 3582(a); U.S.S.G. § 1B1.10, comment. 1(B). "The district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *Williams*, 557 F.3d at 1256 (quotations omitted).

Pursuant to 18 U.S.C. § 3553(a), the sentencing court must "impose a sentence sufficient, but not greater than necessary," to reflect the seriousness of the

4

offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the Sentencing Guidelines range; and pertinent policy statements of the Sentencing Commission.  18 U.S.C. § 3553(a)(1), (3)-(4).

The district court did not abuse its discretion when it reduced Coleman's sentences by only 56 months.  First, any error in the sentencing guideline calculations was harmless because the incorrect calculation benefitted Coleman.  Moreover, the district court considered properly the § 3553(a) factors and public safety considerations in making its determination.  The district court applied the proper legal standard and followed proper procedures; we see no abuse of discretion.

**AFFIRMED.**