[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12946
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00005-MW-CJK-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY ANTHONY COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 8, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Troy Coleman appeals the district court's order vacating his renewed criminal judgment and re-imposing the same total 154-month sentence, as previously modified pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, imposed after he pled guilty to drug and firearm offenses. On appeal, Coleman argues that the district court plainly erred because it based his original sentence and subsequent § 3582(c)(2) sentencing reduction on a miscalculated guideline range. Coleman specifically asserts that the district court relied on an incorrect criminal history score that assigned nine criminal history points for his three prior Florida youthful-offender convictions ("Drug Convictions") and three criminal history points for his prior witness-tampering conviction ("Witness-Tampering Conviction").

We ordinarily review a district court's interpretation of the sentencing guidelines *de novo* and its factual determinations for clear error. *See United States v. Monzo*, 852 F.3d 1343, 1348 (11th Cir. 2017). But we review sentencing cases for harmless error when the sentence imposed would remain the same, regardless of the alleged error. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (stating that harmless error is applied to sentencing cases and remand is unnecessary "[i]f the party defending the sentence persuades the [reviewing court]

2

that the district court would have imposed the same sentence absent the erroneous factor"). "We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2)". *United States v. Jules*, 595 F.3d 1239, 1241 (11th Cir. 2010). "The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination." *Id.* at 1242 (quotations omitted). We may affirm the district court for any reason supported by the record, even if the district court did not consider or rely on it. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013).

An argument raised for the first time on appeal is reviewed for plain error. *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001). To correct an error under plain-error review, there must be (1) an error, (2) that is plain, (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). If all three conditions are met, we may correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. McKinley*, 732 F.3d 1291, 1296 (11th Cir. 2013). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). In most cases, to affect substantial rights, an error must be prejudicial—that is, it must have impacted the outcome of the district court proceedings. *Olano*, 507

3

U.S. at 734.  The Supreme Court has also said that, "in most cases . . . a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show . . . an effect on [his] substantial rights."  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1349 (2016).  Still, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist."  *Id.* at 1346.

In calculating a defendant's criminal history category, the sentencing guidelines provide, in relevant part, as follows:

(a)  Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b)  Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c)  Add 1 point for each prior sentence not counted in (a) or (b) . . . .

U.S.S.G. § 4A1.1(a)-(c).  "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt," including by a plea of *nolo contendere*.  *Id.* § 4A1.2(a)(1).  "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed."  *Id.* § 4A1.2(b)(1) & comment. (n.2).  A prior sentence of imprisonment exceeding 13 months imposed within 15 years of the offense of conviction, and any other prior sentence of imprisonment imposed within 10 years of the offense of conviction, is counted.  *See id.* § 4A1.2(e)(1)-(2).

"Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for first offense prior to committing the second offense)." *Id.* § 4A1.2(a)(2). Where there is no intervening arrest, two prior sentences may be counted as a single sentence if "the sentences resulted from offenses contained in the same charging instrument" or "the sentences were imposed on the same day." *Id.* We have held that, in determining whether prior sentences are counted separately, "the first question is always whether the underlying offenses are separated by an intervening arrest. This inquiry is preliminary to any consideration of consolidated sentencing . . . ." *United States v. Hunter*, 323 F.3d 1314, 1322-23 (11th Cir. 2003).

Twelve criminal history points results in a criminal history category of V. U.S.S.G. Ch.5, Pt.A (sentencing table). A total offense level of 29 and a criminal history category of V results in a guideline range of 140 to 175 months' imprisonment. *Id.* Nevertheless, the Guidelines provide that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. §§ 5G1.1(b), 5G1.2, comment. (n.3(B)). In *United States v. Rice*, we declined to address whether the district court erred in including a drug-quantity enhancement, as the defendant's sentencing range was based on the

5

statutorily required mandatory minimum sentence and, therefore, was unaffected by the alleged error.  43 F.3d 601, 608 n.12 (11th Cir. 1995).

Under Florida law, defendants sentenced as youthful offenders participate in a basic training program or "boot camp" lasting at least 120 days, not counting time served prior to the program.  Fla. Stat. § 958.045(1), (5)(c).  "If the youthful offender's performance is satisfactory, the court shall issue an order modifying the sentence imposed and place the offender on probation subject to the offender successfully completing the remainder of the basic training program."  *Id.* § 958.045(5)(c).

We have not addressed in a binding decision how a Florida youthful-offender sentence modified to probation upon successful completion of boot camp affects a defendant's criminal history score.  We have held, however, that youthful-offender convictions may count toward a defendant's criminal history score and sentencing enhancements.  *See United States v. Pinion*, 4 F.3d 941, 945 (11th Cir. 1993).  In *United States v. Wilks*, without addressing a modified sentence of probation, we concluded that a defendant's Florida youthful-offender convictions qualified as predicate offenses warranting sentencing enhancements under the guidelines.  464 F.3d 1240, 1242-43 (11th Cir. 2006).  We noted that, although Wilks's treatment as a youthful offender had limited his maximum term of imprisonment and the kind of facility in which he was incarcerated, he was

6

nevertheless "treated as an adult criminal, and . . . sentenced to a term of imprisonment exceeding one year and one month." *Id.* at 1243.

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 provided for a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C., Amend. 782 (2014). In relevant part, Amendment 782 lowered the sentencing guideline range for drug offenses involving 5 to 15 kilograms of cocaine to a base level of 30, rather than 32. *Id.* Notwithstanding that, a court may not reduce a defendant's sentence if the retroactive amendment would not actually lower his guideline range. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)). The Guidelines specifically state that a defendant is not eligible for a reduction if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *Id.*

The U.S. Supreme Court recently concluded that defendants whose sentences were based on their mandatory minimums and their substantial assistance -- not on the guideline range that was subsequently lowered -- are not

eligible for a sentence reduction under § 3582(c)(2). *United States v. Koons*, 138 S. Ct. 1783, 1787-89 (2018).

Under the law-of-the-case doctrine, district and appellate courts are generally bound to follow a prior appellate decision in the same case. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009); *Westbrook v. Zant*, 743 F.2d 764, 768 (11th Cir. 1984). In general, the law-of-the-case doctrine "operates to preclude a reexamination of issues decided upon appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal." *Westbrook*, 743 F.2d at 768. We have recognized three exceptions to the law-of-the-case doctrine: in cases where "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." *Id.* at 768-69.

First, Coleman cannot establish that the district court plainly erred in assigning nine total criminal history points to his Drug Convictions.[*] Although they do not speak directly to this issue, both the guidelines and our Court's

---

[*] Coleman attached to his initial brief a copy of the U.S. Probation Office's letter that assessed his eligibility for a sentence reduction, as it was omitted from the district court's record. As the parties and the district court relied on the letter, we supplement the record pursuant to Fed. R. App. P. 10(e)(2)(C) with this document. *See* Fed. R. App. P. 10(e)(2)(C) (allowing appellate courts to certify and forward a supplemental record if "anything material to either party is omitted from . . . the record by error or accident"); *see also Ross v. Kemp*, 785 F.2d 1467, 1471-72 (11th Cir. 1986) (supplementing the record under Rule 10(e) where the parties relied on deposition testimony in their pleadings even though deposition was not filed with district court).

precedent indicate that Coleman's original five-year sentences for the 2007 Drug Convictions were the operative sentences of imprisonment for guidelines-calculation purposes. Because Coleman's 5-year sentences on his Drug Convictions were in excess of 13 months and imposed in 2007—within 15 years of the underlying 2012 offense of conviction—each conviction resulted in 3 criminal history points under the Guidelines. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1). As no binding precedent holds that a Florida youthful-offender sentence does not count toward a defendant's criminal history score when the sentence is modified to probation, the district court did not plainly err in assigning Coleman's Drug Convictions nine points.

The district court plainly erred in assigning three criminal history points to Coleman's Witness-Tampering Conviction. As the state court imposed the sentences for the Witness-Tampering Conviction and the Drug Convictions on the same day, the district court should have treated these two prior sentences as a single sentence. *See* U.S.S.G. § 4A1.2(a)(2). Therefore, the district court should not have assigned points to Coleman's Witness-Tampering Conviction: which would have reduced his criminal history score from 15 points to 12 points, resulting in a criminal history category of V. *See* U.S.S.G. Ch.5, Pt.A (sentencing table).

Still, any error in the district court's criminal history or guideline calculations was harmless, as Coleman's sentencing range was based on the statutorily required mandatory minimum sentences. *See Williams*, 503 U.S. at 203; *Rice*, 43 F.3d at 608 n.12. Although the district court referenced Coleman's criminal history category and total offense level, the sentencer stated explicitly that it based Coleman's advisory guideline range on the statutorily required mandatory minimum terms of imprisonment.

Second, although not raised by either party, the law-of-the-case doctrine precludes us from considering Coleman's argument that the district court continued to rely on improper criminal history and guideline-range calculations when it subsequently reduced his sentence pursuant to § 3582(c)(2) and Amendment 782. As we previously ruled on Coleman's argument that he should have received a greater sentence reduction under § 3582(c)(2) because of his incorrect criminal history score, it has become law of the case. *See United States v. Coleman*, 679 F. App'x 969, 971 (11th Cir. 2017); *Thomas*, 572 F.3d at 1303. Thus, to the extent that Coleman seeks to re-appeal the extent of his § 3582(c)(2) sentence reduction, his appeal on this issue is foreclosed. *See Coleman*, 679 F. App'x at 971; *Westbrook*, 743 F.2d at 768.

To the extent that Coleman argues that the district court's reliance on an incorrect criminal history score was not harmless because, if we correct the district

10

court's error and reduce his criminal history category from VI to V, the district court would have further reduced his sentence under § 3582(c)(2), his argument still fails: as Coleman cannot establish that the district court's error affected his substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1346. Even if the district court were to reconsider the extent of his sentence reduction, pursuant to the Supreme Court's decision in *Koons*, Coleman would be ineligible for a reduction under § 3582(c)(2) because the district court based his total sentence on the statutorily required mandatory minimums and his substantial assistance to the government and did not consider the guideline range subsequently lowered by Amendment 782. *See Koons*, 138 S. Ct. at 1787-89. Accordingly, we affirm Coleman's re-imposed total 154-month sentence.

**AFFIRMED.**